**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued November 19, 2008
Decided December 9, 2008

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

Nos. 07-3701 & 08-1367

| | |
|---|---|
| JOSE ANAYA-AGUILAR,<br>    *Petitioner*, | Petition for Review of Orders of the<br>Board of Immigration Appeals. |
| *v.* | No. A29-665-793 |
| MICHAEL B. MUKASEY,<br>Attorney General of the United States,<br>    *Respondent*. | |

**O R D E R**

Jose Anaya-Aguilar, a citizen of Mexico, petitions for review of two orders by the Board of Immigration Appeals denying motions to reopen and reconsider his case.  The question for us is whether we have jurisdiction to consider his petition.

Anaya entered the United States without authorization on an unknown date.  An immigration judge found him removable, and in 2005 the BIA affirmed that decision. Two years later Anaya moved to reopen his case claiming that his counsel's performance in the earlier proceedings was deficient.  The BIA observed that the 90-day

deadline for filing a motion to reopen had long passed, *see* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2), and that Anaya had neither asserted that the limitations period was equitably tolled nor had he presented facts showing that he exercised due diligence in submitting his motion.  The BIA thus denied the motion without reaching the merits of Anaya's ineffective-assistance claim.  Anaya then asked the BIA to reconsider its denial of his motion to reopen, but the BIA found no reason to overturn its earlier decision.  Anaya petitions for review of both rulings.

Discretionary decisions by immigration authorities are immune from judicial review unless they raise "constitutional claims or questions of law."  *See* 8 U.S.C. § 1252(a)(2)(B)(ii), (a)(2)(D); *Kucana v. Mukasey*, 533 F.3d 534 (7th Cir. 2008).  Motions to reopen and to reconsider are within the discretion of the BIA, 8 C.F.R. § 1003.2(a), and so are unreviewable unless they present constitutional or legal questions. *Johnson v. Mukasey*, 2008 WL 4414599, at *1 (7th Cir. Oct. 1, 2008); *Kucana*, 533 F.3d at 536.

Aware of this, Anaya suggests that his petitions involve three legal issues.  He first submits that his motion to reopen encompassed a question of law because its very premise was that his lawyer in the removal proceedings was incompetent.  But the premise of the motion is irrelevant because the BIA never reached the merits; the BIA concluded that the motion to reopen was unjustifiably late and decided no more.  In any event, even if the BIA had decided Anaya's motion to reopen on the merits, we still would not have jurisdiction to review the BIA's ruling because there is no constitutional, statutory, or administrative right to effective counsel in immigration proceedings.  *See Jezierski v. Mukasey* , 543 F.3d 886, 888-891 (7th Cir. 2008).

Anaya next claims that the BIA ignored the evidence that he put forth to show that he diligently pursued his motion to reopen.  We need not decide whether the BIA truly ignored his evidence because due diligence is a factual determination, *see Patel v. Gonzales*, 442 F.3d 1011, 1016 (7th Cir. 2006), and not a question of law within the § 1252(a)(2)(D) exception.

Finally, Anaya maintains that the BIA misconstrued his motion to reconsider as a second motion to reopen and denied it on that basis.  The purported mischaracterization of the motion, says Anaya, is a question of law.  Actually, because an agency has discretion to implement its own regulations, *see Krougliak v. I.N.S* , 289 F.3d 457, 460 (7th Cir. 2002), the classification of Anaya's motion lay within the BIA's discretion, *Iturribarria v. I.N.S.*, 321 F.3d 889, 894-95 (9th Cir. 2003), and we do not have jurisdiction to review it.  Either way, Anaya mischaracterizes the facts--the BIA denied

his motion to reconsider and only then observed that, had it been a motion to reopen, it would have been number-barred as well.

Anaya's petitions do not raise any question of law or constitutional issue. Accordingly, we DISMISS both for lack of jurisdiction.