# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-1945

MANUEL ANTONIO MUNOZ DE REAL,

*Petitioner,*

*v.*

ERIC H. HOLDER, JR., Attorney General
of the United States,

*Respondent.*

Petition for Review from an Order
of the Board of Immigration Appeals.
No. A090-904-546

ARGUED JANUARY 11, 2010—DECIDED FEBRUARY 11, 2010

Before EASTERBROOK, *Chief Judge*, KANNE, *Circuit Judge,*
and KENNELLY, *District Judge*.[1]

KENNELLY, *District Judge*. Manuel Antonio Munoz
de Real is a Mexican citizen and national. He was a legal
permanent resident of the United States until 2001,

[1] Judge Matthew F. Kennelly of the United States District Court
for the Northern District of Illinois is sitting by designation.

when an immigration judge ordered him removed to Mexico after he was convicted of a felony drunk driving charge in Indiana. In 2007, Munoz de Real filed a motion to reopen the removal proceedings on the ground that based on intervening developments in the law, the offense of which he was convicted was not a proper basis for removal. The immigration judge (IJ) denied the motion, holding that 8 C.F.R. § 1003.23(b)(1) divests the immigration court of jurisdiction to hear a motion to reopen from an alien who has already left the country. The Board of Immigration Appeals (BIA) affirmed the IJ's order. Munoz de Real filed a petition for review. For the reasons set forth below, we deny the petition.

## I. Background

In January 2001, Munoz de Real was convicted of operating a vehicle while intoxicated (OWI) with a prior OWI conviction, in violation of an Indiana statute. At the time of his conviction, this offense was considered an aggravated felony that subjected an alien to removal. The government commenced removal proceedings against Munoz de Real under 8 U.S.C. § 1227(a)(2)(A)(iii). He was ordered removed on April 11, 2001. Munoz de Real conceded his removability and left the country shortly thereafter.

In December 2007, Munoz de Real moved to reopen the removal proceedings. He argued that his removal order was rendered a "legal nullity" by this court's ruling in *Bazan-Reyes v. INS*, 256 F.3d 600 (7th Cir. 2001), decided in July 2001, in which the court held that drunk driving

offenses are not "crimes of violence" and therefore are not aggravated felonies for purposes of determining an alien's removability. *Id*. at 605-12.

The IJ denied Munoz de Real's motion in December 2008 for lack of jurisdiction because he had departed the country in 2001. Under applicable regulations, a "motion to reopen or to reconsider shall not be made by or on behalf of a person who is the subject of removal, deportation, or exclusion proceedings subsequent to his or her departure from the United States." 8 C.F.R. § 1003.23(b)(1). The IJ further ruled that there was no basis to reopen Munoz de Real's removal proceeding *sua sponte* because the April 2001 removal order was lawful and in accordance with the law at the time it was issued and did not result in a "gross miscarriage of justice."

Munoz de Real appealed to the BIA, which affirmed the dismissal. In affirming, the BIA cited its recent ruling in *Matter of Armendarez*, 24 I & N Dec. 646 (BIA 2008), that immigration courts lack jurisdiction over a motion to reopen filed by an alien who has departed the United States. Munoz de Real timely filed the present petition for review in April 2009.

## II. Analysis

Pursuant to the Supreme Court's recent decision in *Kucana v. Holder*, ___ U.S. ___, 2010 WL 173368 (U.S. Jan. 10, 2010), this court has jurisdiction to review the denial of a motion to reopen a removal proceeding.

Munoz de Real argues that the BIA's determination that the immigration court lacked jurisdiction was erroneous. He contends that 8 U.S.C. § 1229a(c)(7)(A) gives an alien an absolute right to file one motion to reopen, despite the so-called "departure bar" contained in 8 C.F.R. § 1003.23(b)(1). The question of whether that regulation conflicts with 8 U.S.C. § 1229a(c)(7)(A), which states that "an alien may file one motion to reopen proceedings under this section" with no reference to departure-based restrictions, is one that has divided the circuits. This court has not yet considered the question. Munoz de Real urges us to join the Fourth and Ninth Circuits, which have ruled that immigration courts may hear motions to reopen filed on behalf of departed aliens. *William v. Gonzales*, 499 F.3d 329 (4th Cir. 2007); *Lin v. Gonzales*, 473 F.3d 979 (9th Cir. 2007).

This court need not determine the effect of the departure bar in this case. The reason is that Munoz de Real's motion to reopen was time-barred. Munoz de Real filed the request more than six years after our ruling in *Bazan-Reyes*. The governing statute and regulation require a motion to reopen to be filed within ninety days of the entry of an order of removal. 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.23(b)(1). For Munoz de Real, that ninety-day period expired over six years before he filed his motion to reopen.

Before the immigration court and at oral argument in this court, Munoz de Real argued that his untimely filing should be excused because he received ineffective assistance from the attorney who handled the removal pro-

ceeding. The argument fails. As this court has repeatedly held in other contexts, attorney negligence is not, without more, a basis to toll a statute of limitations. *See, e.g.,* *Reschny v. Elk Grove Plating Co.*, 414 F.3d 821, 824 (7th Cir. 2005); *Modrowski v. Mote*, 322 F.3d 965, 967-68 (7th Cir. 2003). And even were this not the case, Munoz de Real has offered no basis to excuse a six-plus year delay in moving to reopen. In short, his motion to reopen was unquestionably time-barred.

One final issue merits brief discussion. Munoz de Real contends that the IJ erred by not exercising her discretion to reopen his case *sua sponte*, which he argues an IJ is permitted to do "at any time" under 8 C.F.R. § 1003.23(b)(1). Munoz de Real suggests in his brief that the IJ did not reach the question of whether this case merited the exercise of discretion because she determined that she lacked jurisdiction based on his departure from the United States.

The IJ's decision makes clear, however, that she did in fact reach the question of whether to exercise her discretion to reopen the case but chose not to do so. The IJ noted that Munoz de Real's removal order was valid under the law as it stood at the time. She found there was insufficient evidence that the order was a gross miscarriage of justice and concluded as a result that discretionary reopening of the removal proceeding was not justified. Munoz de Real offers nothing that suggests that this finding was an abuse of discretion, and we see no reason to overturn it.

### III. Conclusion

For the foregoing reasons, the petition for review is DENIED.