NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
## Chicago, Illinois 60604

Submitted February 17, 2010[*]
Decided March 8, 2010

### Before

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 09-2188

GOCE KOCEV AND OLGA KOCEVA,
　　　*Petitioners*,

　　　　　*v.*

ERIC H. HOLDER, JR.,
Attorney General of the United States
　　　*Respondent*.

Petition for Review of an Order of the Board of Immigration Appeals.

### Order

Goce Kocev is a citizen of Macedonia and his wife, Olga Koceva, a citizen of Croatia. They petition for review of an order of the Board of Immigration Appeals denying their motion to reopen removal proceedings.

The Kocevs, who came to the United States on tourist visas in 1989, did not leave when their visas expired. They applied in 1991 for asylum and withholding of removal, contending that they feared persecution because of political opinion and their mixed-nationality marriage. They admitted, however, that they had come to the United States for educational and economic reasons. An administrative law judge did not believe their testimony about their asserted fear of persecution and ordered them removed from the United States. The Board of Immigration Appeals affirmed in 1997 but granted the Kocevs the privilege of voluntary departure.

They neither departed nor sought judicial review. When immigration officials discovered in 2008 that the Kocevs are still in the United States, they asked the Board to

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

reopen the proceedings on the ground that their lawyer had provided deficient assistance. They also sought cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act, 111 Stat. 2160 (1997). The Board denied this motion as untimely. Aliens have 90 days to seek reopening, unless the motion is based (as the Kocevs' was not) on changed conditions in the country to which they would be removed. 8 U.S.C. §1229a(c)(7)(C)(ii). The Kocevs took more than a decade. They asked for equitable tolling of the deadline, but the Board concluded that their lack of diligence disqualified them from that dispensation. (The Kocevs blame their lawyer for not notifying them of the Board's 1997 decision, but they concede learning of that decision no later than 2005, and they did nothing until they were caught in 2008.)

The Board's decision not to reopen is reviewable for abuse of discretion. *Kucana v. Holder*, No. 08-911 (U.S. Jan. 20, 2010). We held in *Munoz de Real v. Holder*, No. 09-1945 (7th Cir. Feb. 11, 2010), that declining to reopen a proceeding at the behest of an alien who waited almost seven years to seek that remedy is not an abuse of discretion; we also concluded that an alien who invokes principles of equitable tolling must act with dispatch on his own behalf, and that bad advice from one's own lawyer does not support equitable tolling of a statutory deadline. See also *Johnson v. McBride*, 381 F.3d 587 (7th Cir. 2004); *Modrowski v. Mote*, 322 F.3d 965 (7th Cir. 2003). The Kocevs waited longer than Munoz did; and even if we treat their delay as "only" three years, that is still twelve times the statutory limit. The Board did not abuse its discretion here.

The Kocevs also contend that the Board should have reopened *sua sponte*. The statutory time limit applies to motions filed by aliens but not actions initiated by the agency itself. 8 C.F.R. §1003.2(a). It is difficult to see how one could apply the label "sua sponte" to a decision that responds directly to the alien's motion. See *Calderon v. Thompson*, 523 U.S. 538, 553–54 (1998). But we need not pursue that subject—nor need we decide whether *sua sponte* decisions are reviewed for abuse of discretion (as we assumed in *Munoz*) or are not reviewable at all (as we held in *Pilch v. Ashcroft*, 353 F.3d 585, 586 (7th Cir. 2003), on the theory that there is no law to apply). Abuse of discretion is the approach most favorable to the aliens, and for reasons already given the Board did not abuse its discretion.

The petition for review is denied.