[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 12, 2010
JOHN LEY
CLERK

_____

No. 09-14098
Non-Argument Calendar

_____

Agency No. A078-986-126

RAUNEL NOE JAIMES-AGUIRRE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 12, 2010)

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Raunel Noe Jaimes-Aguirre ("Aguirre") seeks review of the order of the

Board of Immigration Appeals ("BIA") affirming the decision of the Immigration

Judge ("IJ") denying a motion to reconsider the IJ's prior decision to deny a motion to reopen Aguirre's removal proceedings, which had been conducted in absentia, pursuant to 8 U.S.C. § 1229a(b)(5)(A), (b)(5)(C), and (c)(6). On appeal, Aguirre argues that: (1) the IJ's reasoning for denying Aguirre's motion to reconsider as untimely was erroneous, and this erroneous denial was not a determination on the merits; (2) when the BIA acknowledged that the IJ's reasoning was incorrect, the BIA should have remanded to the IJ to allow the IJ to evaluate the merits of his motion to reconsider, and thereby review the additional evidence that he had submitted, and to determine whether the removal proceedings should be reopened sua sponte; and (3) the BIA erred by reviewing the merits of the motion to reconsider, which involved reviewing the findings of the IJ on the underlying motion to reopen, and then affirming, despite the IJ's erroneous reasoning. After careful review, we deny the petition.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the Board adopts the IJ's reasoning, we will review the IJ's decision as well." Id. In this case, the BIA issued its own determination affirming the IJ's decision to deny the motion for reconsideration, so as to this issue, we will review only the decision of the BIA. However, to the extent that the BIA relied on the findings of the IJ with respect to the underlying

2

decision to deny the motion to reopen, we will review the decisions of both the IJ and the BIA.

We generally review the BIA's denial of a motion to reconsider for abuse of discretion. Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003). Our review is limited to determining "whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005) (quotation omitted). A motion to reconsider presented to an IJ "shall state the reasons for the motion by specifying the errors of fact or law in the [IJ's] prior decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.23(b)(2); 8 U.S.C. § 1229a(c)(6)(C).

The BIA "may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges de novo." 8 C.F.R. § 1003.1(d)(3)(ii); see Matter of Adelina Martinez, 25 I. & N. Dec. 66, 69, 76-79 (BIA 2009) (finding that the IJ's discretionary grant of relief was not appropriate after a de novo review of the evidence). Findings of fact determined by the IJ are reviewed by the BIA only to determine if those findings are clearly erroneous. 8 C.F.R. § 1003.1(d)(3)(i). The concept of harmless error which does not prejudice the substantial rights of a defendant, can be utilized in immigration proceedings. See Matter of Santos, 19 I. & N. Dec. 105, 108-09 (BIA 1984).

3

An IJ has the <u>sua sponte</u> authority at any time to reopen or reconsider any case in which he or she has made a decision, unless jurisdiction has vested in the BIA. 8 C.F.R. § 1003.23(b)(1). Likewise, the BIA may at any time reopen or reconsider <u>sua sponte</u> any case in which it has rendered a decision. 8 C.F.R. § 1003.2(a). We lack jurisdiction to review decisions to refuse to reopen immigration proceedings in exercise of an agency's <u>sua sponte</u> authority. <u>Lenis v. U.S. Att'y Gen.</u>, 525 F.3d 1291, 1293-94 (11th Cir. 2008); <u>see also</u> <u>Kucana v. Holder</u>, No. 08-911, slip op. at 16 n.18 (Sup. Ct. Jan. 20, 2010).

Here, the BIA did not err in conducting a <u>de novo</u> review of the motion to reconsider and affirming the IJ's denial of that motion. The BIA exercised its authority to review the decision of the IJ <u>de novo</u>, and as part of its <u>de novo</u> review, the BIA properly considered the findings of the IJ on the underlying motion to reopen. <u>See</u> 8 C.F.R. § 1003.1(d)(3)(ii). Although the BIA discovered in its review that the IJ's reasoning for the denial of the motion to reconsider as untimely was erroneous, it was not required to stop there and remand to the IJ. The BIA properly continued its <u>de novo</u> review, and bound by the standard governing review of motions to reconsider, the BIA properly reviewed the underlying decision -- the denial of the motion to reopen -- to determine if an error of law or fact affected the outcome of the motion to reopen which would justify granting the motion to reconsider. <u>See</u> 8 C.F.R. § 1003.2(b)(1); 8 U.S.C. § 1229a(c)(6)(C). The BIA then

4

concluded that Aguirre had not met his burden on a motion to reconsider because he had not shown an error of law or fact affecting the underlying denial of the motion to reopen. The BIA thus did not abuse its discretion in conducting a de novo review and affirming the IJ's denial of the motion to reconsider. Moreover, Aguirre was not prejudiced by the erroneous reasoning of the IJ because the BIA conducted an independent review on the merits and reached the same decision.

Finally, to the extent Aguirre is arguing that the BIA's decision prevented the IJ from exercising her authority to reopen the removal proceedings sua sponte, this argument fails because the IJ actually had two opportunities to exercise this authority, but refused to do so. The IJ had this opportunity when she was considering the motion to reopen, and again, when she was considering the motion to reconsider. Then, when Aguirre filed the appeal to the BIA, he was relying on the BIA's authority to reopen the removal proceedings sua sponte. See 8 C.F.R. § 1003.23(b)(1) (the IJ has sua sponte authority to reopen until jurisdiction is vested in the BIA). Even after the Supreme Court's decision in Kucana, we do not have jurisdiction to review the refusal of the BIA to exercise its sua sponte authority to reopen or reconsider. Kucana, No. 08-911, slip op. at 16 n.18; Lenis, 525 F.3d at 1293-94. For these reasons, we deny the petition.

**PETITION DENIED.**

5