**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

On Remand from the Supreme Court[*]
Decided September 22, 2010

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

TERENCE E. EVANS, *Circuit Judge*

Nos. 07-3701 & 08-1367

| | |
|---|---|
| JOSE ANAYA-AGUILAR,<br>    *Petitioner*, | Petition for Review of an Order of the<br>Board of Immigration Appeals. |
| *v.* | No. A29-665-793 |
| ERIC H. HOLDER, JR., Attorney General of<br>the United States,<br>    *Respondent*. | |

**O R D E R**

Jose Anaya-Aguilar, a citizen of Mexico, entered the United States without authorization.  When removal proceedings commenced against him, he conceded removability but filed, through his attorney, an application for cancellation of removal.  The Immigration Judge denied the application, and on June 2, 2005, the Board of Immigration Appeals affirmed that decision.  On May 21, 2007, Anaya asked the BIA to reopen his case claiming that his lawyer, who was no longer representing him, submitted an anemic

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a)(2)(C).

application for cancellation of removal.  Anaya asserted that he first learned of the BIA's decision on April 18, 2007, and he blamed the delay on his lawyer's effort to conceal the consequences of his deficient performance.  The BIA denied the motion as untimely and then denied Anaya's motion to reconsider that decision.  Anaya petitions for review of both rulings.

When we first saw these consolidated cases in 2008, we ruled that under *Kucana v. Mukasey*, 533 F.3d 534 (7th Cir.2008), we lacked subject-matter jurisdiction to review either of the BIA's discretionary decisions.  But the Supreme Court later overturned our decision in *Kucana*, *see Kucana v. Holder*, 130 S.Ct. 1281 (2010), and then vacated our dismissals of Anaya's petitions for review, *see Anaya-Aguilar v. Mukasey*, 302 F. App'x 481 (7th Cir. 2008).  Having determined that the briefs originally filed provide enough information for us to resolve these cases, we now proceed to the merits.

As we have noted, Anaya filed a motion to reopen a June 2005 BIA decision on May 21, 2007.  The deadline for filing a motion to reopen is 90 days after an order is entered.  *See* 8 U.S.C. § 1229a(c)(7)(C)(I); 8 C.F.R. § 1003.2(c)(2).  So Anaya filed his motion 630 days too late.  Thus, the BIA could entertain the motion only if Anaya first established that he exercised due diligence in trying to determine the status of his appeal and was entitled to equitable tolling of the deadline.  *See Gaberov v. Mukasey*, 516 F.3d 590, 594 (7th Cir. 2008); *Patel v. Gonzales*, 442 F.3d 1011, 1016 (7th Cir. 2006).  In his motion to reopen, Anaya alleged that he heard nothing from his lawyer, Raul Villasuso, Jr., for two years after his administrative appeal was filed in 2004, despite his "many phone calls" to his lawyer.  He also contended that Villasuso stymied his attempt to consult with another lawyer on the status of his case in February 2007 (his motion to reconsider says it was February 2006) by providing him with a copy of his file that did not include the BIA's 2005 decision; faced with no evidence that the decision had issued, the lawyer with whom Anaya consulted opined that the appeal must still be pending.  Anaya maintained that he was unaware of the removal order and thought his appeal was still pending until he received a notice from U.S. Immigration and Customs Enforcement, dated March 30, 2007, informing him that by failing to leave the United States he had forfeited the $500 voluntary-departure bond he posted pending his appeal.  Anaya alleged that, when he brought the bond forfeiture to attorney Villasuso's attention, the lawyer said that he did not recall having seen a final decision, but that the bond forfeiture meant that one must have been issued and that relief had been denied.  Anaya maintained that not until April 18 did he finally became certain that the BIA had closed his appeal.  Three days later he retained new counsel, who filed the motion to reopen on May 21, 2007.

Anaya contended that the BIA should reopen its decision on the ground that the attorney failed to submit evidence of the health problems that he and his children suffer, the impact that his removal would have on his children, and the fact that he and his wife own a home. The BIA ruled that equitable tolling was not justified and declined to reach the merits of the motion to reopen. The Board observed that Anaya's motion never directly asked that the 90-day deadline be equitably tolled. Indeed, Anaya seemed unaware of the timeliness issue. His objection to Villasuso's alleged concealment of the BIA's decision was that it cost him "the privilege of voluntary departure" and his $500 departure bond, not that it made his motion late. Furthermore, said the BIA, even if Anaya had asked for equitable tolling, the facts he presented did not establish that he exercised due diligence. Anaya's motion to reopen was accompanied by over 200 pages of supporting documents. Those papers included the application for cancellation of removal filed by Villasuso and a host of other records that related to Anaya's family situation, his health, his children's health and schooling, and his economic status. There was also a copy of Anaya's request that the Attorney Registration and Disciplinary Commission of Illinois investigate Villasuso. But there wasn't anything that documented the actions Anaya took to try to monitor the status of his case once it went on appeal to the BIA. There wasn't even any evidence to support Anaya's allegations that he made many phone calls and asked for his file. The closest Anaya got was the seven-page affidavit that immediately followed his motion. Although most of that document was devoted to Villasuso's performance in the removal proceedings, at the end of the third page Anaya began to relate his own efforts to follow up on his appeal. Unfortunately, the fourth page of the affidavit was missing, and on the fifth page Anaya resumed his complaints about Villasuso's performance. The BIA denied the motion to reopen on the ground that, regardless of Villasuso's alleged deficiencies, the "sketchy factual allegations" Anaya presented in his motion did not establish that he exercised due diligence in pursuing reopening.

Anaya then asked the BIA to reconsider its denial of his motion to reopen. He attached to his motion to reconsider new evidence not before the BIA when it ruled on his motion to reopen, including the missing page of his affidavit and a Freedom of Information Act request he filed in 2006 with Citizenship and Immigration Services for documents about his appeal. The page from the affidavit reported, consistent with the allegations in the motion to reopen, that Anaya had made many phone calls to Villasuso and had obtained a copy of his file, but did not otherwise elaborate on Anaya's efforts to track his case. He also clarified that he first requested his file from Villasuso in 2006, not 2007, as reported in the motion to reopen. The BIA ruled that the motion to reconsider presented no reason why it should overturn its earlier decision. The Board then mused that the motion to reconsider might be better construed as a second motion to reopen, given the rule that new evidence may be attached only to a motion to reopen, not a motion to reconsider, *see Mungongo v.*

*Gonzales*, 479 F.3d 531, 534-35 (7th Cir. 2007). And if that were the case, the motion would have to be denied on the ground that an alien is allowed only one motion to reopen, 8 C.F.R. § 1003.2(c)(2).

In this court, Anaya accuses attorney Villasuso of filing a half-hearted application for cancellation of removal, but whether Villasuso's performance was adequate is not before us. The BIA denied Anaya's motion to reopen his appeal (and to reconsider that decision) based solely on the untimeliness of the motion to reopen and Anaya's lack of entitlement to equitable tolling. Accordingly, our review does not encompass the merits of the underlying appeal; we ask only whether the BIA abused its discretion in denying the motion to reopen as untimely and declining Anaya's request to reconsider that decision. *Patel*, 442 F.3d at 1016.

Turning to issues we can consider, Anaya claims that his due diligence is proven by the fact that he filed his motion to reopen barely a month after he says he learned with certainty about the adverse decision in the appeal. Due diligence is a factual determination entrusted to the BIA's discretion. *Id.* Moreover, due diligence is a two-part inquiry; we ask, not just whether Anaya diligently pursued reopening once he was aware that he had lost his appeal, but also whether he diligently attempted to discover the status of his appeal. *See Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir. 2008); *Sun v. Mukasey*, 555 F.3d 802, 806 (9th Cir. 2009). The speed with which he pursued reopening is irrelevant if he did not diligently try to find out whether the BIA had decided his appeal. And we cannot say that the BIA abused its discretion in finding that Anaya did not exercise due diligence on that front. Anaya's motion to reopen did not assert that he exercised due diligence, and the only allegations he presented to the BIA at that time that could be construed as suggesting due diligence were a vague assertion that he made "many phone calls" to his lawyer and his contention that the file he received from Villasuso sometime in February 2007 did not contain a copy of the 2005 opinion. Neither of those points was documented in his affidavit or the other exhibits that accompanied the motion. Anaya later provided more evidence—the missing page of his affidavit and the FOIA request—but we review the BIA's decision in light of the record it had, *see Ghebremedhin v. Ashcroft*, 392 F.3d 241, 243 (7th Cir. 2004) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943). The BIA did not abuse its discretion in ruling on his motion without first asking his lawyer to submit the missing page of his affidavit.

Anaya also challenges the denial of his motion to reconsider on the ground that the BIA misconstrued it as an impermissible second motion to reopen and denied it on that basis. Even accepting Anaya's characterization of the facts, his argument is without merit. An agency has discretion to implement its own regulations, and that extends to how it

construes motions that are presented to it. *See Krougliak v. I.N.S* , 289 F.3d 457, 460 (7th Cir. 2002); *Iturribarria v. I.N.S.*, 321 F.3d 889, 894-95 (9th Cir. 2003).  A motion to reconsider asks the BIA to reexamine a decision on the basis of "additional legal arguments, a change of law, or an argument that was overlooked earlier, while a motion to reopen asks for reconsideration on the basis of facts or evidence not available at the time of the original decision, such as changed country conditions."  *Patel v. Ashcroft*, 378 F.3d 610, 612 (7th Cir. 2004).  Anaya submits that, although his second motion featured additional evidence, it was evidence that was previously available (although not submitted), and not the result of some new development.  He concludes on that basis that the BIA erred in construing his motion as a motion to reconsider.  But a motion that seeks to present evidence that was not previously in the record is more properly denominated as a motion to reopen.  *In re Cerna*, 20 I. & N. Dec. 399, 400 (B.I.A.1991).  The fact that his new evidence was previously available, though not in the record, doesn't mean that the submission was a motion to reconsider; it just means that it wasn't a *meritorious* motion to reopen, *see* 8 C.F.R. § 1003.2(c)(1) (stating that a motion to reopen "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing").  Thus, to the extent the BIA denied the submission as an impermissible second motion to reopen, it did not abuse its discretion.

In any event, Anaya mischaracterizes the facts.  The BIA denied his motion to reconsider its earlier decision, as such, commenting that a second look at the evidence it evaluated in deciding his motion to reopen would not change the outcome.  After announcing that decision, the BIA observed that his motion to reconsider might be better construed as a second motion to reopen because Anaya attached to it new evidence.

Accordingly, the petitions for review are DENIED.