NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 5, 2010
Decided November 23, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-1761

| | |
|---|---|
| BERALY ESTRADA, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals |
| | |
| *v.* | No.  A 073 545 195 |
| | |
| ERIC H. HOLDER, JR., | |
| Attorney General of the United States, | |
| *Respondent.* | |

**O R D E R**

Beraly Estrada, a Guatemalan citizen, petitions for review of an order of the Board of Immigration Appeals denying her motion to reopen removal proceedings. The Board did not abuse its discretion in denying the motion, so we deny the petition for review.

Estrada entered the United States illegally in 1993 and has lived here for the past 17 years. She initially applied for asylum, claiming that she feared returning to Guatemala because of the country's then-ongoing civil war. An immigration judge denied her application in March 1997 but granted her six months to depart the United States voluntarily. Estrada appealed. Nearly five years later, in 2002, the Board affirmed the IJ's decision and gave her an additional month to depart, warning that if she failed to leave the

United States by the deadline, the voluntary-departure order would automatically become a deportation order that would prevent her from applying for certain types of immigration relief (including permanent residency) for five years. *See* 8 U.S.C. § 1229c(d).

Estrada ignored the voluntary-departure deadline, and in 2008 immigration officials found and detained her. The government eventually placed her on supervised release and scheduled her for removal on March 1, 2010. One month before her scheduled removal, Estrada notified the Board that she had married a Cuban citizen in 1997 and moved to reopen her case so that she could adjust her status under the Cuban Adjustment Act, Pub. L. No. 89-732, 80 Stat. 1161 (1966). The Act allows (as relevant here) non-Cuban citizens who marry Cuban nationals to seek lawful permanent residency in the United States based on their marriage. Estrada acknowledged that her motion was untimely but argued that exceptional circumstances merited reopening. Specifically, she pointed out that she and her husband had established a life in the United States (including raising a daughter, owning a home, and running a successful day-care business), and she argued that denying her motion would expose her to exceptional hardship. Estrada also asked the Board to exercise its discretion to reopen the case *sua sponte*.

The Board denied Estrada's motion to reopen, reasoning that she had made the request long after the expiration of the 90-day filing deadline, and that no exception to this rule excused the motion's untimeliness. The Board also refused to reopen the proceedings *sua sponte*.

On appeal, Estrada challenges both of the Board's decisions and further argues that the denials amount to a violation of due process. She first argues that the Board abused its discretion in denying the motion because it did so without giving any reason consistent with the Cuban Adjustment Act. But the Board did give a reason; it denied the motion because Estrada gave no legal basis to justify filing the motion *8 years after* the 90-day filing deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). Estrada suggests that the 90-day filing deadline should not apply to her because the Cuban Adjustment Act provides a route to permanent residency "independent" of the Immigration & Nationality Act. This argument is frivolous; the Cuban Adjustment Act is codified as a historical note to 8 U.S.C. § 1255, which comprises § 245 of the INA.

Estrada next argues that, even though she filed her motion to reopen many years late, the Board nonetheless should have reopened her case *sua sponte* based on her "exceptional situation." She asserts that her family ties and her eligibility to seek permanent residency under the Cuban Adjustment Act are exceptional circumstances that the Board failed to consider. The government responds by arguing that we lack jurisdiction to

consider the question because the Board has unfettered discretion to decide whether or not to reopen a case *sua sponte*.

Before the Supreme Court's decision in *Kucana v. Holder*, 130 S. Ct. 827, 834 (2010), we had held that "failure to reopen *sua sponte* is a discretionary decision that is unreviewable." *Pilch v. Ashcroft*, 353 F.3d 585, 586 (7th Cir. 2003). In *Kucana* the Supreme Court "express[ed] no opinion on whether federal courts may review the Board's decision not to reopen removal proceedings *sua sponte*." 130 S. Ct. 827, 839 n.18. One of our post-*Kucana* cases, took a different approach; we assumed—without reference to *Pilch* or the relevant part of *Kucana*—that we had jurisdiction to review an IJ's refusal to reopen a case *sua sponte* and concluded that the IJ did not abuse her discretion in denying the *sua sponte* motion to reopen. *Munoz de Real v. Holder*, 595 F.3d 747, 750 (7th Cir. 2010). We later acknowledged the potential conflict between *Munoz* and *Pilch*, but concluded that we need not "decide whether *sua sponte* decisions are reviewed for abuse of discretion (as we assumed in *Munoz*) or are not reviewable at all (as we held in [*Pilch*], on the theory that there is no law to apply)." *Kocev v. Holder*, 365 F. App'x 707, 708 (7th Cir. 2010) (nonprecedential).

Here too, it is unnecessary for us to resolve the potential conflict. Even if we assume that we could review *sua sponte* decisions of the Board for abuse of discretion, the standard most favorable to aliens, we would deny Estrada's petition. She has not demonstrated exceptional circumstances to merit reopening. To the contrary, she married her husband 5 years before the Board issued its merits decision in 2002, and she did not seek reopening until 2010—when authorities detained her and scheduled her for removal. That her removal will affect her business or separate her from her family is not exceptional; such a scenario reflects a risk that she took by living in the United States for 17 years without valid authorization.

Estrada fares no better on her argument that the Board's denial of the motion to reopen violated her right to due process by preventing her from applying for permanent residency under the Cuban Adjustment Act. To establish that the Board's refusal to grant her motion to reopen violated her right to due process, Estrada needs to demonstrate that the decision "likely affected the result of the proceedings." *See Alimi v. Gonzales*, 489 F.3d 829, 834 (7th Cir. 2007). Estrada asserts that she qualifies for permanent residency under the Cuban Adjustment Act, and that the Board's decision prejudiced her ability to pursue that form of relief. But at this point, Estrada's eligibility for residency is merely speculative because she has not produced any documentation to show that she has filed an application or that one has been granted. And even if Estrada's eligibility for permanent residency upon reopening were undisputed, the relief she is seeks is discretionary, *see Khan v. Mukasey*, 517 F.3d 513, 517 (7th Cir. 2008), and "the due process clause does not require the Board to reopen or reconsider cases previously decided or otherwise provide for

discretionary relief," *Zamora-Mallari v. Mukasey*, 514 F.3d 679, 694 (7th Cir. 2008). Since Estrada cannot show prejudice sufficient to sustain a due-process claim, and since her arguments regarding the motion to reopen are without merit, we DENY the petition for review.