# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 11-3052

JOSE ANAYA-AGUILAR,

*Petitioner*,

*v.*

ERIC H. HOLDER, JR., Attorney General
of the United States,

*Respondent.*

Petition for Review of an Order
of the Board of Immigration Appeals.
No. A29-665-793

ARGUED FEBRUARY 24, 2012—DECIDED JUNE 14, 2012

Before MANION and ROVNER, *Circuit Judges*, and
COLEMAN, *District Judge*.[*]

MANION, *Circuit Judge.* Petitioner Jose Anaya-Aguilar,
who had entered the United States illegally, was
ordered removed to Mexico by an immigration judge on

---

[*] Hon. Sharon Johnson Coleman, of the Northern District of
Illinois, sitting by designation.

August 27, 2004. Anaya-Aguilar appealed to the Board of Immigration Appeals, which affirmed the immigration judge's decision on June 2, 2005. Almost two years later, Anaya-Aguilar moved to reopen the proceedings based in large measure on his counsel's alleged ineffective assistance. But under 8 U.S.C. § 1229a(c)(7)(C)(i), a motion to reopen must be made within 90 days of the final administrative order of removal. Although Anaya-Aguilar could have made an equitable-tolling argument that would have extended the statutory 90-day window to file a motion to reopen, he did not do so; nor did he provide sufficient factual support for the Board to consider that argument. Therefore, on October 31, 2007, the Board held that Anaya-Aguilar's motion to reopen proceedings was time-barred.

Two weeks after the Board denied Anaya-Aguilar's motion to reopen, Anaya-Aguilar responded by filing a motion to reconsider with the Board and attaching new evidence that supported an equitable tolling argument. The Board denied Anaya-Aguilar's motion to reconsider on January 16, 2008, holding that the new evidence he submitted was insufficient to allow the Board to equitably toll the statutory 90-day filing period. Moreover, the Board observed that new evidence may not be submitted with a motion for reconsideration and, therefore, that Anaya-Aguilar's motion should likely be construed as a second motion to reopen. The Board held that, were it to construe Anaya-Aguilar's motion to reconsider as a second motion to reopen, the motion would be not only procedurally barred (because, like the first motion to reopen, it was not filed within

90 days of the final administrative order of removal) but it would be also numerically barred because a petitioner is generally allowed only one such motion. *See* 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(c)(2).

Anaya-Aguilar petitioned this court for review in November 2008, challenging the Board's decision to affirm the immigration judge's removal finding, as well as the Board's denial of Anaya-Aguilar's motions to reopen and reconsider. At that time we noted that, because of the procedural deficiencies in Anaya-Aguilar's petition, the Board had not reached the merits of his ineffective-assistance-of-counsel claim. *Anaya-Aguilar v. Mukasey*, 302 F. App'x 481, 482 (7th Cir. 2008). And because the Board's decisions to deny Anaya-Aguilar's motions to reopen and reconsider are discretionary, we also stated that we could not review those decisions unless they presented a constitutional or legal question. *Id.* We held that Anaya-Aguilar's petition did not present such a question and, therefore, that we lacked jurisdiction. *Id.*

Anaya-Aguilar then petitioned the U.S. Supreme Court for a writ of certiorari. While the petition was pending, the Court issued its decision in *Kucana v. Holder*, 130 S. Ct. 827 (2010), holding that Congress intended for courts to exercise judicial review over denials of motions to reopen. *See Kucana*, 130 S. Ct. at 840. This decision, of course, directly contradicted our holding in Anaya-Aguilar's case. So the Court granted Anaya-Aguilar's petition, vacated our judgment against Anaya-Aguilar, and remanded the case to us for consideration in light

of the *Kucana* decision. *Anaya-Aguilar v. Holder*, 130 S. Ct. 1281, 1281 (2010). On remand, we examined the Board's denial of Anaya-Aguilar's motion to reopen on the merits and held that the Board did not abuse its discretion. *Anaya-Aguilar v. Holder*, Nos. 07-3701, 08-1367 (7th Cir. Sept. 22, 2010).

Following our decision, Anaya-Aguilar moved the Board to reopen the proceedings under its *sua sponte* authority. *See* 8 C.F.R. § 1003.2(a). Along with that motion, Anaya-Aguilar submitted new evidence, including a description of the tumultuous conditions in Mexico, family medical and educational records, financial records, employment records, and numerous affidavits and letters from family and friends. Noting that its exercise of *sua sponte* authority is reserved for "exceptional circumstances," the Board denied Anaya-Aguilar's motion and stated that there was "no merit to [Anaya-Aguilar's] argument that he was denied a meaningful opportunity to present evidence in support of his application for relief." Anaya-Aguilar now petitions for review of the Board's denial of his motion.

Anaya-Aguilar concedes that his motion to reopen *sua sponte* is numerically barred, and therefore argues only that his case presents those "exceptional circumstances" under which the Board usually grants such a motion. We have previously held, however, that "failure to reopen *sua sponte* is a discretionary decision that is unreviewable." *Pilch v. Ashcroft*, 353 F.3d 585, 586 (7th Cir. 2003) (citation omitted). Anaya-Aguilar counters that this court has overruled *Pilch* since the Supreme

Court's decision in *Kucana*, and, therefore, that we may review the merits of his petition. *See Munoz de Real v. Holder*, 595 F.3d 747, 749 (7th Cir. 2010).

In *Munoz de Real* we reviewed an immigration judge's decision not to exercise her *sua sponte* authority to reopen the petitioner's case. *Id.* The petitioner argued that the immigration judge erroneously held that she lacked jurisdiction to reopen the case under her *sua sponte* authority and, accordingly, abused her discretion. We disagreed, noting "that [the immigration judge] did in fact reach the question of whether to exercise her discretion to reopen the case but chose not to do so." *Id.* at 750. The immigration judge found that "there was insufficient evidence that the [removal] order was a gross miscarriage of justice and concluded as a result that discretionary reopening of the removal proceeding was not justified." *Id.* Because "Munoz de Real offer[ed] nothing that suggest[ed] that this finding was an abuse of discretion, . . . we s[aw] no reason to overturn it*." Id.*

Contrary to Anaya-Aguilar's assertion, this perfunctory affirmance hardly constitutes an overruling of our holding in *Pilch*. Indeed, we did not even reach the question of reviewability in *Munoz de Real*, instead choosing to decide the case only on its merits. Nevertheless, we recognize that there is a tension between our holdings in *Pilch* and *Munoz de Real*. We have acknowledged as much in two unpublished orders issued after *Munoz de Real*. *See Estrada v. Holder*, 403 F. App'x 87, 89-90 (7th Cir. 2010); *Kocev v. Holder*, 365 F. App'x 707, 708 (7th Cir. 2010). But, like our decision in *Munoz de Real*, in

both of the subsequent cases we declined to address the issue of whether we may review the Board's refusal to exercise its *sua sponte* authority, and instead affirmed the Board's decision on the merits. We believe it is now time to foreclose any further discussion about whether the Board's refusal to exercise its *sua sponte* authority is reviewable.[1]

The Supreme Court made clear in its decision in *Kucana* that it "express[ed] no opinion on whether federal courts may review the Board's decision not to reopen *sua sponte*. Courts of Appeals have held that such decisions are unreviewable because *sua sponte* reopening is committed to agency discretion by law." *Kucana*, 130 S. Ct. at 839 n.18. That is reason enough to leave our holding in *Pilch* untouched. But, in addition, since the *Kucana* decision, eight of our sister circuits have addressed this issue and have unanimously held that the Board's denial of a motion to reopen proceedings *sua sponte* remains unreviewable. *Pllumi v. Attorney Gen. of the U.S.*, 642 F.3d 155, 159 & n.6 (3d Cir. 2011); *Luna v. Holder*, 637 F.3d 85, 96 (2d Cir. 2011); *Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011); *Neves v. Holder*, 613 F.3d 30, 35 (1st Cir. 2010); *Gor v. Holder*, 607 F.3d 180, 187-88 (6th Cir. 2010); *Ochoa v. Holder*, 604 F.3d 546, 549 n.3 (8th Cir. 2010); *Bakanovas v. Holder*, 438 F. App'x 717, 722 (10th Cir.

---

[1] Accordingly, this opinion has been circulated among all judges of this court in regular active service. No judge favored a rehearing en banc on the question of whether the Board's refusal to exercise its *sua sponte* authority is reviewable.

2011); *James-Aguirre v. U.S. Attorney Gen.*, 369 F. App'x 101, 103 (11th Cir. 2010). Given its compatibility with these eight decisions, as well as with *Kucana*, overruling *Pilch* would be improper. *See Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 915 (7th Cir. 2009) ("We have overruled our prior decisions when our position remains a minority one among other circuits, when the Supreme Court issues a decision on an analogous issue that compels us to reconsider our position, or when an intracircuit conflict exists.").

Yet there is an even more fundamental reason to hold that the Board's *sua sponte* authority is unreviewable. Although we recognize that there is "a 'basic presumption of judicial review'" of final agency decisions, *Lincoln v. Vigil*, 508 U.S. 182, 190 (1993) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 140 (1967)), that presumption is overridden when an "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). The Supreme Court elaborated that "§ 701(a)(2) makes clear that 'review is not to be had' in those rare circumstances where the relevant statute 'is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion.'" *Lincoln*, 508 U.S. at 191 (quoting *Heckler v. Chaney*, 470 U.S. 821, 830 (1985)). The Eighth Circuit's decision in *Tamenut v. Mukasey*, 521 F.3d 1000 (8th Cir. 2008) (en banc) (per curiam), is instructive in applying this rule governing agency review to the circumstances of our case.

The statute that governs motions to reopen covers only those motions that are filed by a party—it says

nothing about an agency's *sua sponte* authority to reopen. *See Tamenut*, 521 F.3d at 1004 (citing 8 U.S.C. § 1229a(c)(7)). Likewise, the statutory authority that provides the Attorney General with broad regulatory power makes no mention of a *sua sponte* authority to reopen. *See id.* (citing 8 U.S.C. § 1103(g)). And the regulation promulgated by the Attorney General that vests the Board with *sua sponte* authority does not establish any standard for determining when exercising such authority is appropriate. *See id.* (citing 8 C.F.R. § 1003.2(a)); *see also* 8 C.F.R. § 1003.2(c). Moreover, the regulation does not require that the Board exercise its *sua sponte* authority at all; rather, the regulation uses permissive language that allows the Board to reopen a case at its own behest. *See* 8 C.F.R. § 1003.2(a) ("The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision."). This strongly suggests that the exercise of *sua sponte* authority is best left to the discretion of the Board and, therefore, is unreviewable. *See Tamenut*, 521 F.3d at 1004.

As we mentioned above, the Board has concluded that, in the absence of "extraordinary situations," it will not exercise its *sua sponte* authority to reopen a case. *In re J-J-*, 21 I. & N. Dec. 976, 984 (BIA 1997); *see also In re G-D-*, 22 I. & N. Dec. 1132, 1134 (BIA 1999) (characterizing its *sua sponte* authority as "an extraordinary remedy reserved for truly exceptional situations"). But the Board has not established any sort of comprehensive standard or list of factors in its case law that it considers when determining whether an extraordinary situation exists in a particular case. *See Mejia-Hernandez*, 633 F.3d at 824;

*In re G-D-*, 22 I. & N. Dec. at 1134-35. Thus, there is no meaningful standard on which we might base our review. Moreover, even if there were such a standard, the regulation's permissive language makes clear that the Board is never obligated to exercise its *sua sponte* authority; therefore, any review of the Board's refusal to exercise such authority would be inappropriate. *See Tamenut*, 521 F.3d at 1004-05.

In sum, we confirm that our holding in *Pilch*—namely, that the failure to reopen *sua sponte* is an unreviewable discretionary decision—survives the Supreme Court's decision in *Kucana* and therefore controls in this case. Moreover, there is "'no meaningful standard against which to judge the [Board's] exercise of discretion'" in reopening a petitioner's case *sua sponte*. *Lincoln*, 508 U.S. at 191 (quoting *Heckler*, 470 U.S. at 830). Thus, that action is committed to the Board's discretion by law and is unreviewable. Accordingly, we decline to review Anaya-Aguilar's claim that the Board abused its discretion by denying his motion to reopen proceedings *sua sponte*. The petition is DISMISSED.