**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
## Chicago, Illinois 60604

Submitted May 18, 2018*
Decided May 22, 2018

Before

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

| | |
|---|---|
| No. 17-2895 <br><br> OLUSEGUN OLATUNJI, <br>    *Petitioner*, <br><br>      *v.* <br><br> JEFFERSON B. SESSIONS III, Attorney General <br> of the United States, <br>    *Respondent*. | Petition for Review of an Order of the Board of Immigration Appeals. <br><br> No. A200-881-528 |

**Order**

In 2015 an Immigration Judge ordered Olusegun Olatunji removed to his native Nigeria. In 2016 the Board of Immigration Appeals dismissed his appeal, and Olatunji did not file a petition for judicial review. Instead he asked the Board

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). Circuit Judge Scudder was drawn to replace Circuit Judge Williams, who has retired. We have concluded that oral argument would not aid the court. See Fed. R. App. P. 34(a)(2)(C).

to reconsider its decision and reopen the case to consider information that he submitted after the Board's initial decision. The Board denied those requests, and we denied his petition for review. *Olatunji v. Sessions*, No. 16-3106 (7th Cir. Feb. 13, 2017) (nonprecedential disposition).

Olatunji then filed a second motion for reopening and reconsideration. The Board denied that motion as both untimely and barred by the rule that only one such motion is proper. See 8 U.S.C. §1229a(c)(6), (7). Olatunji again petitions for judicial review. He asks us to review the Board's initial decision (from 2016) rather than its order denying his second request for reconsideration and reopening. We have no authority to do that. Petitions for judicial review must be filed within 30 days of the administrative decision being challenged. 8 U.S.C. §1252(b)(1). Whether or not that time limit is "jurisdictional" under the Supreme Court's current jurisprudence, it is at least a mandatory claim-processing rule. See *Hamer v. Neighborhood Housing Services of Chicago*, 138 S. Ct. 13 (2017). The Attorney General has invoked the benefit of the 30-day limit, so the only administrative decision we can consider is the one entered on August 10, 2017, denying Olatunji's second motion.

Yet Olatunji does not contest the Board's conclusion that his motion was both untimely and successive. Instead he maintains that the Board should have reopened his case *sua sponte*—in other words, should have exercised discretion to disregard the time-and-number limits on aliens' post-decision motions. That contention encounters a genuinely jurisdictional rule: whether to reopen a decision *sua sponte* is committed to agency discretion by law, see *Anaya-Aguilar v. Holder*, 683 F.3d 369, 372–73 (7th Cir. 2012), and 8 U.S.C. §1252(a)(2)(B) provides that "no court shall have jurisdiction to review" any decision that the statute commits to the discretion of the Attorney General. (There are some exceptions, none of which applies to *sua sponte* reopening.) *Reyes Mata v. Lynch*, 135 S. Ct. 2150 (2015), holds that a decision whether to dismiss a petition as untimely is not discretionary for this purpose and thus may be reviewed; but whether to reopen *sua sponte* is wholly discretionary. We lack authority to review it.

The petition for review is dismissed for lack of jurisdiction.