# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

December 3, 2004

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Nos. 03-1815 & 03-3836

| | |
|---|---|
| GHEBREGZIABHER GHEBREMEDHIN, <br>    *Petitioner*, <br><br>    *v.* <br><br> JOHN ASHCROFT, <br> Attorney General of the United States, <br>    *Respondent*. | On Petitions for Review of an Order of the Board of Immigration Appeals. <br><br> No. A76-841-841 |

## O R D E R

Respondent Attorney General John Ashcroft requests that we modify our opinion issued on October 13, 2004, arguing that our decision to remand the case with instructions to enter an order granting asylum contravenes the Supreme Court's recent decision in *INS v. Ventura*, 537 U.S. 12 (2002) (per curiam). We construe the request as a petition for panel rehearing, *see* Fed. R. App. P. 40(a), and, although do we not discern any conflict with *Ventura*, agree to modify our opinion.

The issue in *Ventura* was whether the Ninth Circuit Court of Appeals exceeded its authority by resolving a factual issue that an agency had not considered. The petitioner, a citizen of Guatemala, sought asylum after being threatened with harm unless he joined the guerrilla army. *Ventura*, 537 U.S. at 14. The immigration judge (IJ) who heard his case credited his testimony but concluded that the petitioner failed to demonstrate persecution on account of a political opinion, adding that it appeared that the political situation in Guatemala had changed significantly for the better. *Id.* at 14-15. The Board of Immigration Appeals

(BIA) affirmed but did not address the question of whether circumstances had in fact changed.  *Id.* at 15.  On appeal, the court rejected the IJ's conclusion but—instead of remanding for further fact-finding—found in the first instance that circumstances in Guatemala had not changed significantly; consequently, the petitioner was eligible for asylum.  *Id.*

On petition for certiorari, the Supreme Court held that the Ninth Circuit should have remanded the factual question of whether circumstances in Guatemala had changed significantly to the BIA.  *Id.* at 17.  The Court emphasized that "an appellate court [may not] intrude upon the domain which Congress has exclusively entrusted to an administrative agency" and that the Ninth Circuit "is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed."  *Id.* at 16 (citation omitted).  The Court went on to observe that the State Department report used by the court of appeals to support its finding was both outdated and, "at most, ambiguous about the matter."  *Id.* at 17-18.  Given this uncertainty, the Court explained, remand was necessary for the agency to evaluate the evidence and make an initial determination.  *Id.* at 17.  Because the Ninth Circuit had created "potentially far-reaching legal precedent about the significance of political change in Guatemala . . . without giving the BIA the opportunity to address the matter in the first instance in light of its own expertise," *id.*, the Court reversed the decision not to remand the case to the agency.

The respondent argues that our decision contravenes *Ventura* in two respects: (1) "that once an agency error is identified, a court of appeals should remand a case for additional investigation or explanation;" and (2) "appellate courts should not decide issues when an agency has not considered them." (Request for Modification at 5.)  The respondent does not take issue with the substance of our analysis, but asks only that in remanding the case to the BIA, we do so without instruction to the Attorney General to enter an order granting asylum.

With regard to the first issue raised by the respondent, we do not agree that *Ventura* stands for the broad proposition that a court of appeals must remand a case for additional investigation or explanation once an error is identified.  As pointed out above, the issue in *Ventura* was whether the Ninth Circuit impermissibly usurped the BIA's fact-finding role; here, however, the issue does not require finding new facts, but rather is narrowly confined to whether the undisputed record evidence compels the conclusion that Ghebremedhin would be subject to persecution on account of his religion if returned to Eritrea.  We are well-within our authority to reverse the IJ's eligibility determination if manifestly contrary to law, 8 U.S.C. § 1252(b)(4)(C); *Camara v. Ashcroft*, 378 F.3d 361, 367 (4th Cir. 2004); *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 353 (5th Cir. 2002), and our decision to do so in no way disregards the agency's expertise and role as front-line evaluator of evidence.  As a practical matter, the respondent concedes that Ghebremedhin is statutorily

eligible for asylum (Request for Modification at 6-7), so nothing remains for the agency to investigate or explain.  Moreover, if the record evidence *compels* the result that we have reached, then no alternative determination is possible.

Further, we do not take issue with the general principles of administrative law advanced by the respondent.  But the reach of the propositions cited—such as "the function of the reviewing court ends when an error of law is laid bare," (Request for Modification at 5)—can sometimes be overstated.  *Ventura*'s admonition against *de novo* inquiry into a petitioner's asylum application simply restates the rule that "[i]f an order is valid only as a determination of policy or judgment which the agency alone is authorized to make and which it has not made," courts must remand for the agency to make the decision in the first instance.  *SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943); *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985); *FCC v. ITT World Comm., Inc.*, 466 U.S. 463, 469 (1984).  Similarly, *Ventura*'s reminder that reviewing courts may not intrude upon an agency's domain echos long-standing principles that courts may not reach out and evaluate evidence and arguments advanced for the first time on review, *Chenery*, 318 U.S. at 88, or exercise an essentially administrative function reserved to the agency, *Federal Power Comm'n v. Idaho Power Co.*, 344 U.S. 17, 21 (1952).

This brings us to the respondent's second argument.  The Attorney General does not contest that Ghebremedhin is statutorily eligible for asylum, but instead argues that the panel essentially exercised a purely administrative function by remanding with instructions to enter an order granting asylum.  We agree that the power to grant asylum is vested solely in the hands of the Attorney General, 8 U.S.C. § 1158(b)(1), and that even if an alien is otherwise eligible, the Attorney General is empowered by statute to deny relief, *id.*; *INS v. Cardoza-Fonseca*, 480 U.S. 421, 428 n.5 (1987); *Groza v. INS*, 30 F.3d 814, 821 (7th Cir. 1994).  Because this is a decision for the Attorney General to make in the first instance, we GRANT the petition for panel rehearing and modify our opinion to the extent that we remand the case to the Attorney General for further proceedings consistent with that opinion.