In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 22-2148

KARLA ELIZABETH GRANADOS ARIAS,

*Petitioner,*

*v.*

MERRICK B. GARLAND,
Attorney General of the United States,

*Respondent.*

———————

Petition for Review of an Order
of the Board of Immigration Appeals.
No. A206-624-591

———————

ARGUED MARCH 29, 2023 — DECIDED MAY 31, 2023

———————

Before SYKES, *Chief Judge,* and ROVNER and BRENNAN, *Circuit Judges.*

BRENNAN, *Circuit Judge.* El Salvador citizen Karla Elizabeth Granados Arias petitions for review of an order of the Board of Immigration Appeals denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture. We hold that substantial evidence supports the Board's decision and deny the petition.

## I. Background

### A. Factual

Granados Arias and her sister, Maria, sold tortillas from a rented space in their mother's home in El Salvador beginning in October 2013. The business was successful, and a few months after it opened, a note was slipped under their door. The note demanded they pay $50 per week and send with the payment a piece of intimate clothing. The author of the note threatened death if the police were contacted. Granados Arias recognized the handwriting on the note as belonging to a former classmate who she knew was a member of the Mara 18 gang.

A friend of Granados Arias, Karina, who had owned a clothing business, received a similar note two weeks earlier, which she reported to the police. Karina later received a second note threatening death if she did not withdraw her complaint. She complied. One month later, her son was killed. Karina told Granados Arias that the Mara 18 had killed her son because of the complaint.

Granados Arias and Maria paid the extortion demand for one week but did not leave clothing with the payment. Unable to afford payments and afraid of the gang, they ultimately closed their business.

Because of the note, Granados Arias left El Salvador and illegally entered the United States in March 2014. Maria remained in El Salvador but moved to their grandmother's home an hour away, living there for about six months without incident. Maria and Granados Arias's mother now live in a different home, five houses away from where the tortilla business was located. Maria does not work or leave the home.

Granados Arias's son only leaves the home to attend school, and he is driven to and from school to avoid gangs. Neither Granados Arias nor her family members have been threatened or harmed since the sisters received the note.

### B. Procedural

After a hearing, an immigration judge (IJ) denied Granados Arias's applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The IJ found her credible but deemed her ineligible for asylum. The isolated threat she had received did not rise to the level of past persecution. Granados Arias also failed to establish a well-founded fear of future persecution. She had not shown that she would be individually targeted for harm because her family members in El Salvador had not been threatened or harmed since receiving the note. Nor could a pattern or practice of persecution be shown based on generalized violence and harsh conditions.

Granados Arias had also failed to show a nexus between the harm and her proffered social groups of "women in El Salvador," "business owners in El Salvador who refuse to pay rent," "business owners who oppose the gangs," and "women business owners." Even assuming these social groups were cognizable, the IJ concluded that Granados Arias had been targeted so the gang could raise money for its criminal ventures and not on account of a protected ground. Further, the danger of extortion was shared by all in El Salvador who are perceived to be wealthy. Granados Arias's risk of persecution was not distinct based on her gender or former business ownership, and fear of generalized crime, extortion, or violence in a country cannot serve as a basis for asylum. Because Granados Arias had not satisfied the nexus requirement

for her asylum claim, the IJ found that she could not meet the same requirement for her withholding of removal claim.

The IJ further denied relief under the CAT, as Granados Arias had not shown past persecution and therefore could not show past torture. Nor did she demonstrate that anyone in El Salvador intended to harm her, given her sister and mother lived unharmed in her hometown in El Salvador. Granados Arias also did not establish that similarly situated individuals experience gross, flagrant, or mass human rights abuses. The IJ acknowledged that Granados Arias's documentary evidence indicated that violence and crime are widespread in El Salvador. But generalized violence did not establish more likely than not that Granados Arias would be tortured upon return.

The Board affirmed the IJ's decision, discerning no clear error in the IJ's finding that the gang targeted Granados Arias to raise money for its criminal ventures. Given no nexus, the Board declined to address Granados Arias's arguments on whether her past harm rose to the level of persecution. As to future persecution, the Board agreed that Granados Arias and her family had not been subsequently threatened or harmed, so she did not show she would be individually targeted for harm. Because her mother and sister live only five houses away from where the business had been, the Board deemed unpersuasive Granados Arias's claim that she would live as a fugitive in El Salvador. Nor did she demonstrate a pattern or practice of persecution against similarly situated individuals. In addition, the Board agreed with the IJ's finding that Granados Arias had not shown a nexus between her fear of future harm and a protected ground.

The Board also affirmed the IJ's denial of Granados Arias's withholding of removal claim. Because she had failed to establish eligibility for asylum, the Board reasoned that she did not "meet the higher standard, i.e. that of showing it is 'more likely than not' that she would be persecuted on account of a protected ground, required to establish eligibility for withholding of removal."

Granados Arias was likewise ineligible under the CAT. She had not shown past torture or that anyone intends to harm her upon her return. Her similarly situated sister remained unharmed in their hometown in El Salvador, and country condition reports of generalized crime and violence were insufficient to show more likely than not that she would be tortured.

Last, the Board denied Granados Arias's claim that the IJ violated her due process rights by failing to sufficiently discuss her documentary evidence and whether her proposed social groups were cognizable. The Board concluded that the IJ's decision reflected consideration of the documentary evidence. It was not necessary for the IJ to analyze whether each proposed social group was cognizable, because Granados Arias had not shown past or future harm on account of a protected ground. She therefore failed to demonstrate prejudice for her due process claim.

## II. Discussion

Granados Arias petitioned this court for review, raising several challenges to the Board's decision. "We review questions of law de novo and findings of fact for 'substantial evidence.'" *Meraz-Saucedo v. Rosen*, 986 F.3d 676, 684 (7th Cir. 2021). "Under the substantial evidence standard, the agency's

'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (quoting *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020)). Where the Board's opinion depends in part on the IJ's analysis and supplements instead of adopts it, "we will review 'the IJ's decision wherever the Board has not supplanted it with its own rationale' and review the Board's opinion 'where the Board has spoken.'" *Ferreira v. Lynch*, 831 F.3d 803, 808 (7th Cir. 2016) (quoting *Sarhan v. Holder*, 658 F.3d 649, 653 (7th Cir. 2011)).

### A. Asylum[1]

Eligibility for asylum turns on whether the petitioner is a "refugee" under the Immigration and Nationality Act. 8 U.S.C. § 1158(b)(1)(A). A "refugee" is defined in part as an individual "who is unable or unwilling to return to" a country of one's nationality due to "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). Where an asylum claim is based on membership in a particular social group, the petitioner must not only identify a social group and establish that she is a member but must also demonstrate a nexus. *See Melnik v. Sessions*, 891 F.3d 278, 285 (7th Cir. 2018). In other words, Granados Arias must show that "the persecution or her well-founded fear of persecution is based on her membership" in

---

[1] Granados Arias filed her asylum application after the one-year deadline provided in 8 U.S.C. § 1158(a)(2)(B). Nevertheless, the IJ found her application was timely because she fell within one of the classes identified in *Rojas v. Johnson*, 305 F. Supp. 3d 1176 (W.D. Wash. 2018). We read the IJ's decision to conclude that, for this case, the *Rojas* decision established changed circumstances or extraordinary circumstances under § 1158(a)(2)(D).

the identified social group. *Id.* Here, she has failed to establish both a well-founded fear of future persecution and a nexus.[2]

### 1. *Well-founded fear of future persecution*

Granados Arias makes two challenges to the Board's conclusion that she had not established an objectively reasonable fear of future persecution. First, she argues the Board ignored evidence demonstrating that her family lives as fugitives. This evidence includes her testimony that: (1) her son is driven to and from school to avoid gang confrontation and does not otherwise leave the home; (2) her sister does not work and only stays in the home; and (3) her mother is afraid that she will be targeted by gang members and fears sending letters to Granados Arias. Second, we understand her to contend the Board overlooked documentary evidence discussing the prevalence of gang retaliation in El Salvador against individuals who defy a gang's authority.

The Board must consider a petitioner's arguments "'and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted.'" *Ferreira*, 831 F.3d at 810 (quoting *Solis-Chavez v. Holder*, 662 F.3d 462, 469 (7th Cir. 2011)). Where the record demonstrates that the agency considered material evidence, its factual findings are conclusive unless the record compels a contrary conclusion. *See Silais v. Sessions*, 855 F.3d 736, 743 (7th Cir. 2017).

---

[2] Granados Arias has failed to develop an argument in her appellate briefs as to whether her past harm rose to the level of past persecution, so she has waived that contention. *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012).

"Whether a petitioner … harbors a well-founded fear of future persecution [is a] factual finding[] subject to the deferential 'substantial evidence' standard, requiring reversal only if the evidence compels a different result." *Meraz-Saucedo*, 986 F.3d at 684. "A well-founded fear of future persecution is one that is 'subjectively genuine and objectively reasonable in light of credible evidence.'" *Id.* at 685 (quoting *Hernandez-Garcia v. Barr*, 930 F.3d 915, 920 (7th Cir. 2019)). The Board affirmed the IJ's determination that Granados Arias's fear of future persecution was not objectively reasonable, so we review only that component. To make that showing, she must establish either (1) "a reasonable possibility … she would be singled out individually for persecution" or (2) "a pattern or practice" of persecution of a group to which she belongs. 8 C.F.R. § 1208.13(b)(2)(iii). Under the first alternative, "[a] petitioner must set forth specific, detailed evidence indicating that it would be more likely than not that [she] would be individually targeted for harm." *Orellana-Arias v. Sessions*, 865 F.3d 476, 488 (7th Cir. 2017). Under the second, "[t]here must be a systematic, pervasive, or organized effort to kill, imprison, or severely injure members of the protected group, and this effort must be perpetrated or tolerated by state actors." *Georgieva v. Holder*, 751 F.3d 514, 523 (7th Cir. 2014) (quoting *Mitreva v. Gonzales*, 417 F.3d 761, 765 (7th Cir. 2005)).

The Board considered whether Granados Arias's family lived as fugitives. It found this argument unpersuasive because her sister and mother lived without incident in the same area where the business had been operated. The Board need not write an exegesis on every argument, *see Ferreira*, 831 F.3d at 810, so it did not have to articulate every detail about the lives of Granados Arias's son, sister, and mother.

Nor does Granados Arias's testimony compel a finding that her family lives as fugitives or that she would live a fugitive's life in El Salvador. The Board was not required to defer to her son's or sister's personal judgments that they are better off living in hiding. *See Ahmed v. Ashcroft*, 348 F.3d 611, 615 (7th Cir. 2003). In *Ahmed*, this court concluded that the record did not compel a finding that the petitioner lived as a fugitive in Algeria in part because he failed to present "detailed facts" showing that "he himself suffered from concrete acts of persecution" or that his lifestyle "was necessary to evade such acts." *Id.* at 615–16. This record similarly does not compel a finding that Granados Arias's family lives as fugitives, as Granados Arias has not detailed facts suggesting that remaining at home, being driven to and from school, or not working were necessary steps taken by her family to evade acts of persecution. Instead, there is no evidence of subsequent threats or harm to Granados Arias's family apart from the initial note. This supports the Board's conclusion that her fear of future persecution is not objectively reasonable. *See Meraz-Saucedo*, 986 F.3d at 685; *Hernandez-Garcia*, 930 F.3d at 920.

The Board also considered Granados Arias's documentary evidence, which it described as "country condition reports of generalized crime and violence in El Salvador." Although this description could have included more detail, the Board's decision reflects sufficient consideration of that evidence. *See Ferreira*, 831 F.3d at 810.

The documentary evidence here does not compel a finding that Granados Arias established a well-founded fear of future persecution. It instead demonstrates general conditions of crime and violence in El Salvador from which small business owners and women are not exempt. For instance, the

declaration of Elizabeth G. Kennedy states that in 2015, it was estimated that "over 90 percent of the country's neighborhoods have a gang presence," and that crime, including extortion, is "normalized" in the spaces governed by gangs. In poor and middle-class neighborhoods under gang influence, most or all residents make extortion payments, but in varying amounts based upon the resident's perceived income. Generalized violence alone is insufficient to meet Granados Arias's burden to demonstrate a well-founded fear of persecution. *See Hernandez-Garcia*, 930 F.3d at 920–21.

### 2. *Nexus*

Even assuming Granados Arias can demonstrate past or future persecution, she must still meet the nexus requirement. The Board discerned no clear error in the IJ's determination that Granados Arias was targeted by a gang member because of her perceived wealth. That conclusion was based in part on this court's decision in *Orellana-Arias*, 865 F.3d at 485. Further, the Board decided that the IJ had properly found that there was no nexus between the alleged future harm and a protected ground. On this point, the IJ reasoned that the risk of extortion is shared by all in El Salvador and that there was no evidence that Granados Arias faced a distinct risk due to her gender or former business ownership.

Granados Arias reads the Board's decision as ignoring her argument that the IJ failed to consider documentary evidence discussing the danger faced by business owners and women in El Salvador. We understand her to contend that this evidence establishes a nexus between her persecution and her four proffered social groups: (1) women in El Salvador, (2) business owners in El Salvador who refuse to pay rent, (3)

business owners who oppose the gangs, and (4) women business owners.

An asylum applicant must demonstrate that she was persecuted "on account of" her membership in the proffered social group. *Id.* (quoting *Dominguez-Pulido v. Lynch*, 821 F.3d 837, 845 (7th Cir. 2016)). To show a motive sufficiently distinct from perceived wealth, a petitioner must establish that she was "more of a target" because of her membership in the particular social group than had she, for instance, "won the lottery, inherited a large estate, secured a high-paying job, or discovered a diamond mine in [her] backyard." *Id.* More specifically, when the social group involves small business ownership, the petitioner must submit evidence substantiating a "particular animus toward small business owners as small business owners." *Melnik*, 891 F.3d at 287. A Board's determination on the nexus requirement will be upheld if it is supported by substantial evidence. *See id.* at 288.

The Board did not ignore Granados Arias's contention that the IJ did not engage with the documentary evidence. It explained that the IJ's decision reflected consideration of that evidence, including citations to specific pages in the IJ's decision.

Substantial evidence supports the Board's conclusion that Granados Arias's perceived wealth made her a target for extortion. Her documentary evidence generally states that business owners in El Salvador are regularly extorted and face violence if they do not pay. This is insufficient to show that Granados Arias was more of a target because she previously operated a business than had she acquired wealth through

any other means.[3] *See Orellana-Arias*, 865 F.3d at 485. Nor has Granados Arias directed this court to anything compelling the conclusion that the Mara 18 gang targets small business owners or women for extortion as opposed to "indiscriminately target[ing] anyone with perceived wealth." *Hernandez-Garcia*, 930 F.3d at 920.

### B. Withholding of Removal

The Board also decided that Granados Arias was ineligible for withholding of removal. It reasoned that her ineligibility for asylum meant she could not meet a higher burden of proof on past or future persecution "on account of a protected ground," as required for a withholding of removal claim. She responds that by showing she was eligible for asylum she qualifies for withholding of removal.

As with asylum, an applicant for withholding of removal must demonstrate a nexus to a protected ground. *See* 8 U.S.C. § 1231(b)(3)(A); *Melnik*, 891 F.3d at 288 n.25. But by requiring Granados Arias to demonstrate the nexus requirement by a

---

[3] At oral argument, counsel for Granados Arias raised two additional reasons for why a nexus between past harm and her proffered social groups had been shown: (1) the extortion note demanded a piece of intimate clothing and (2) Karina was a female business owner who was similarly extorted. Oral arg. at 4:21–5:01 (intimate clothing), 8:04–8:58 (Karina's experience). The government responded that the first theory was not articulated in Granados Arias's closing argument to the IJ or on appeal to the Board. Oral arg. at 16:45–17:12.

Neither theory was presented to the Board as a reason for reversing the IJ's finding that the extortion was motivated by Granados Arias's perceived wealth. But we need not address the question of exhaustion, *see* 8 U.S.C. § 1252(d)(1), because Granados Arias waived these arguments by failing to brief them before us. *See Hernandez-Garcia*, 930 F.3d at 919–20.

preponderance of the evidence, the Board applied the wrong legal standard for withholding of removal. "The nexus requirement … is the same for both asylum and withholding of removal." *W.G.A. v. Sessions*, 900 F.3d 957, 965 (7th Cir. 2018). Even so, "[r]emand is not always necessary" to correct legal error. *Estrada-Martinez v. Lynch*, 809 F.3d 886, 897 (7th Cir. 2015). A remand is not required where "nothing remains for the agency to investigate or explain." *Ghebremedhin v. Ashcroft*, 392 F.3d 241, 243 (7th Cir. 2004). Here, the Board concluded that Granados Arias failed to show either past or future persecution on account of a protected ground for her asylum claim. She offers no further support for a nexus on her withholding of removal claim than she did in support of her asylum claim.

As the burden of proof as to nexus and facts in this case are the same for both asylum and withholding of removal, we affirm the Board's decision on the latter claim. We do not remand on this issue because it does not require additional explanation or agency fact-finding. *See id.*[4]

---

[4] Granados Arias also contends the Board failed to address her claim that the IJ did not consider whether two of her proffered social groups are cognizable. A due process claim requires a showing of prejudice, meaning the violation "must have been one likely to have an impact on the result of the proceeding." *Ramos v. Gonzales*, 414 F.3d 800, 804 (7th Cir. 2005). Granados Arias has failed to demonstrate a nexus, so she has not shown prejudice. This is an independent reason to deny her asylum and withholding of removal claims. *See Lopez v. Sessions*, 859 F.3d 464, 467–68 (7th Cir. 2017).

**C. Convention Against Torture**

Finally, Granados Arias challenges the Board's conclusion that she was ineligible for protection under the CAT. She points to a 2016 report from the United Nations High Commissioner for Refugees explaining that individuals who do not pay extortion demands face threats and violence, including death.

"To receive protection under the CAT, an applicant must show that there is 'a "substantial risk" that [she] would be tortured if forced to return'" to her country of nationality. *Meraz-Saucedo*, 986 F.3d at 686 (quoting *Garcia-Arce v. Barr*, 946 F.3d 371, 377 (7th Cir. 2019)). "'Torture' is defined as 'severe pain or suffering' or an 'extreme form of cruel and inhuman treatment' that is intentionally inflicted with the consent or acquiescence of a public official." *Id.* (quoting 8 C.F.R. § 208.18(a)(1)–(2)); *see also* 8 C.F.R. § 1208.18(a)(1)–(2). The agency's determination of whether the petitioner faces a substantial risk of torture is reviewed for substantial evidence. *See Meraz-Saucedo*, 986 F.3d at 686.

Considering other evidence about Granados Arias and her family's experience, this documentary evidence does not compel a conclusion that she is at a substantial risk of being tortured in El Salvador. She has not previously been tortured there, nor does she describe any threats or harm directed toward her since receipt of the note. Moreover, her sister Maria, who remained in El Salvador after refusing to make ongoing extortion payments, has not been threatened or harmed despite living near the home from which the business had been operated. Substantial evidence supports the Board's decision on Granados Arias's request for protection under the CAT. *See Jan v. Holder*, 576 F.3d 455, 458 (7th Cir. 2009) (determining

that country reports and news articles did not establish a substantial risk of torture due in part to the lack of evidence of any contact between the alleged persecutors and petitioner and his family over the past ten years).

### III. Conclusion

For these reasons, we DENY Granados Arias's petition for review.