In the

# United States Court of Appeals

### For the Seventh Circuit

No. 19-1633

HENRIKAS MALUKAS,

*Petitioner,*

*v.*

WILLIAM P. BARR, Attorney General of the United States,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A72-569-248

ARGUED SEPTEMBER 23, 2019 — DECIDED OCTOBER 15, 2019

Before EASTERBROOK, HAMILTON, and ST. EVE, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Henrikas Malukas, a citizen of Lithuania, entered the United States in 1992 on a tourist visa and did not leave when it expired. In 1995 he was convicted of several weapons-related felonies and sentenced to 52 months in prison. While he was imprisoned, immigration officials began removal proceedings. Malukas applied for discretionary relief as the spouse of a U.S. citizen, but the

immigration judge (and later the Board of Immigration Appeals) concluded that his criminal conduct outweighed whatever equities his family and financial ties to the United States supplied.

The Board's final order was entered in July 2003, and Malukas did not seek judicial review. He did file a timely motion for reconsideration, arguing that his criminal conduct should not have been deemed such a high obstacle to relief. The Board denied that motion in September 2003, and again Malukas did not seek judicial review.

Malukas remained in the United States, in part because he had allowed his Lithuanian passport to expire and Lithuania would not issue new travel documents. In 2018 Malukas filed with the Board a second motion to reconsider, and an initial motion to reopen, contending that the removal order is invalid because the proceeding began with a "Notice to Appear" that did not include a date and time for the hearing. See *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). The date and time were furnished in a later document, and Malukas did not argue at his removal hearing that he lacked adequate notice. Still, he maintained, the defect on the original Notice to Appear deprived the immigration judge of jurisdiction and vitiated the removal order. The motion also contended that he had been rehabilitated by the passage of time, so that the equities now weighed in his favor, and that Lithuania's failure to accept his return also justifies discretionary relief. The Board denied this motion as time-and-number barred. (Only one motion to reconsider is allowed, and the time limit for a motion to reopen is 90 days. 8 U.S.C. §1229a(c)(6)(A), (c)(7)(C)(i); 8 C.F.R. §1003.2(b)(2), (c)(2).) The Board added

that a defect in a Notice to Appear does not affect jurisdiction.

That aspect of the Board's ruling has since been confirmed by this court. *Ortiz-Santiago v. Barr*, 924 F.3d 956 (7th Cir. 2019). The BIA's reasoning differs from that of *Ortiz-Santiago*, but the bottom line is the same. This means that the Board did not commit a legal error that would permit judicial review despite the fact that the motion to reopen is 15 years late and that the second motion to reconsider is not only untimely but also independently barred as successive.

Seeking to avoid the time-and-number problem, Malukas asked the Board to reopen *sua sponte*—that is to say, on its own volition. The time-and-number limits apply to aliens' motions and do not restrict the Board's (or the Attorney General's) authority to act independently of a motion. But the request that Malukas made—a motion to reopen *sua sponte*—is an oxymoron. Reopening in response to a motion is not *sua sponte*; it is a response to the motion and thus subject to the time-and-number limits.

The Board's time-and-number limits have a parallel in the federal law of collateral review. Only one motion for review is permitted, unless the conditions for second or successive motions have been satisfied. 28 U.S.C. §§ 2244, 2255(h). And if a court of appeals decides that those conditions have not been satisfied, the disappointed applicant may not seek rehearing. 28 U.S.C. §2244(b)(3)(E). Prisoners have tried several ways to get around those limits. One is to characterize a successive petition as a motion for relief under Fed. R. Civ. P. 60(b) from the adverse decision. The Justices held, however, that when such a motion rests on substantive arguments it counts as a forbidden successive petition. *Gon-*

*zalez v. Crosby*, 545 U.S. 524 (2005). Another approach has been to ask the court of appeals to recall its mandate rather than to grant rehearing. The Justices stated that such a motion should be treated the same as a petition for rehearing, see *Calderon v. Thompson*, 523 U.S. 538, 554 (1998), though they added that if the court of appeals says that it would have recalled its mandate whether or not the prisoner sought relief, they will take the judges at their word.

By the standards of *Gonzalez* and *Calderon*, the document that Malukas filed with the Board is a motion for reopening or reconsideration, properly denied on time-and-number grounds. The arguments that Malukas has rehabilitated himself, and that Lithuania's decision not to accept his return affects the weighing of equities, are substantive. The Board stated its reasons for not reopening or reconsidering on the merits, thus satisfying *Iglesias v. Mukasey*, 540 F.3d 528 (7th Cir. 2008). And the Board did not hint that it would have reopened in the absence of a motion; to the contrary, it denied the motion actually made, remarking:

> While the respondent alternately requests that the Board exercise our discretionary authority to reopen proceedings sua sponte, that authority is reserved for rare, "exceptional" situations not demonstrated here. 8 C.F.R. §1003.2(a); *Matter of J-J-*, 21 I&N Dec. 976 (BIA 1997); *Matter of G-D-*, 22 I&N Dec. 1132 (BIA 1999). Thus, we will deny the respondent's motion.

*Gonzalez* and *Calderon* require us to reject Malukas's position that adding the phrase "*sua sponte*" to an untimely or number-barred motion makes those limits go away and opens the Board's decision to plenary judicial review. Instead we reiterate the conclusion of *Anaya-Aguilar v. Holder*, 683 F.3d 369, 371–73 (7th Cir. 2012) that, because the Board has unfettered discretion to reopen, or not, *sua sponte*, its decision is not

subject to judicial review at all. See 8 U.S.C. §1252(a)(2)(B). See also *Heckler v. Chaney*, 470 U.S. 821 (1985) (no judicial review when decision has been committed to agency discretion by law).

This is equally true if we deem a "motion to reopen *sua sponte*" as equivalent to a request for mercy notwithstanding all legal obstacles. Dealing with such a request is within the Board's discretion, and no rules of law apply to the provision or withholding of administrative grace. Nor does the holding of *Iglesias* that the Board must give reasons for denying a genuine motion to reopen affect decisions, pro or con, about *sua sponte* relief; *Iglesias* concerned a timely initial motion to reopen, not an administrative decision to refrain from *sua sponte* action.

One panel of this court recently held that, although §1252(a)(2)(B) and *Anaya-Aguilar* render the merits of the Board's decisions unreviewable, a court still can decide whether the Board has misunderstood the basis of the alien's request. *Fuller v. Whitaker*, 914 F.3d 514, 519–20 (7th Cir. 2019). That decision conflicts with rulings in some other circuits. See, e.g., *Butka v. Attorney General*, 827 F.3d 1278, 1285–86 (11th Cir. 2016); *Rais v. Holder*, 768 F.3d 453 (6th Cir. 2014). It is also hard to reconcile with the fact that this court routinely denies, without explanation, petitions for rehearing and motions to recall the mandate—and we never explain why we have not recalled a mandate *sua sponte*. What rule of law requires the Board of Immigration Appeals to say more than "denied" in response to a motion about a subject over which it possesses unbridled discretion? Why would an explanation, when given, permit judicial review of a subject committed to agency discretion? The federal agency ex-

plained its action in *Chaney*, but the Court still held the decision not reviewable.

The Supreme Court may cast light on that question and related subjects in *Guerrero-Lasprilla v. Barr*, No. 18–776 (cert. granted June 24, 2019) (to be argued Dec. 9, 2019), and *Department of Homeland Security v. University of California*, No. 18–587 (cert. granted June 28, 2019) (to be argued Nov. 12, 2019). *Guerrero-Lasprilla* poses the question whether a court of appeals may review the Board's decision not to exercise equitable tolling to excuse an untimely motion for reconsideration or reopening, while *University of California* poses the question whether courts may set aside a discretionary prosecutorial decision about immigration status on the ground that a legal error may have influenced the exercise of that discretion. Today's case does not present any occasion to determine how far this court will take *Fuller*. The Board explained why it declined to reopen *sua sponte*, and that explanation does not contain or imply any legal error. Judicial review accordingly is unavailable. Diplomats rather than judges must determine whether Malukas can be removed to Lithuania—and it is a matter of prosecutorial discretion whether the United States should continue to seek his removal in light of the events since 2003.

To the extent that the Board denied the motion to reconsider and reopen its decision of 2003, the petition for review is denied. To the extent that the Board declined to reopen the proceedings *sua sponte*, the petition for review is dismissed for want of jurisdiction.