NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued January 26, 2021
Decided January 29, 2021

## Before

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

| | |
|---|---|
| No. 20-1369 <br><br> IRENEO N. CONWI, <br>     *Petitioner*, <br><br>     *v.* <br><br> MONTY WILKINSON, Acting Attorney General, <br>     *Respondent*. | Petition for Review of an Order of the Board of Immigration Appeals. <br><br> No. A076-766-590 |

## Order

Ireneo Conwi, a citizen of the Philippines, came to the United States in 1991 under an assumed name, with a false passport, and overstayed his six-month visa. He did not seek asylum until 2009, after federal officials detected his unauthorized presence and began removal proceedings. In 2011 an immigration judge denied that request as untimely, see 8 U.S.C. §1158(a)(2)(B), and also declined to afford Conwi withholding of removal or relief under the Convention Against Torture. The Board of Immigration Appeals affirmed in 2013, and Conwi did not seek judicial review. Neither did he comply with the order to depart.

In 2019 he asked the Board to reopen his proceedings. That motion was timely only if a change in conditions in the Philippines now justifies asylum. 8 U.S.C. §1229a(c)(7)(C)(ii). (Otherwise the time limit for such a motion is 90 days, which Conwi long exceeded.) The change to which Conwi pointed is Rodrigo Duterte, who in 2016 became President of the Philippines. Duterte often expresses his admiration of former President Ferdinand Marcos. Conwi, although a supporter of Marcos between 1965 and 1974, turned against him and provided information to his rivals in the Liberal Party from 1976 until 1986, when Marcos fell from power. Conwi asserts that Duterte would persecute him, as an enemy of Marcos, should he return to the Philippines.

The Board denied the motion to reopen, observing that although Duterte has engaged in violent anti-drug campaigns and does not respect freedom of speech, no evidence of record—and no reports in the press—suggest that he or his supporters have engaged in retribution against Marcos's opponents. That finding is within the Board's remit and does not abuse its discretion (the standard for our review of such a decision). The Board adequately explained its decision.

Conwi also sought relief on the basis of an approved visa petition filed by his wife. The Board denied that request with the observation that the statutory exception to the time for seeking asylum or reopening applies only to asylum and not other subjects. Conwi does not contend that the Board made an error in reaching that conclusion. Instead he asserts that the Board should have reopened *sua sponte*—that is, without a motion—as it is entitled to do notwithstanding statutory time limits.

*Malukas v. Barr*, 940 F.3d 968, 969 (7th Cir. 2019), observes: "The time-and-number limits apply to aliens' motions and do not restrict the Board's (or the Attorney General's) authority to act independently of a motion. But the request that Malukas made—a motion to reopen *sua sponte*—is an oxymoron. Reopening in response to a motion is not *sua sponte*; it is a response to the motion and thus subject to the time-and-number limits." That is equally true of Conwi's motion. We added in *Malukas* that a genuine decision not to reopen *sua sponte* is not subject to judicial review. *Id*. at 970. See also *Anaya-Aguilar v. Holder*, 683 F.3d 369, 371–73 (7th Cir. 2012) (because the Board has unfettered discretion to reopen, or not, *sua sponte*, its decision is not subject to judicial review at all); 8 U.S.C. §1252(a)(2)(B). Cf. *Heckler v. Chaney*, 470 U.S. 821 (1985) (no judicial review when decision has been committed to agency discretion by law).

The petition for review is denied to the extent that it seeks review of the Board's decision concerning asylum and otherwise is dismissed for want of jurisdiction.